IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re ENRON CORPORATION SECURITIES, DERIVATIVE & "ERISA" LITIGATION, | MDL DOCKET NO. 1446 |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. H-01-3624 |
| ENRON CORPORATION, et al., | |
| Defendants | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| vs. | |
| KENNETH L. LAY, et al., | |
| Defendants. | |
| DAVID JOSE, et al., | |
| Plaintiffs, | |
| vs.. | CIVIL ACTION NO. H-03-1087 |
| ARTHUR ANDERSEN, LLP, et al., | |
| Defendants. | |
| RICHARD COUCHROUN, et al., | |
| Plaintiffs, | |
| vs | CIVIL ACTION NO. H-03-3320 |

| | | |
|---|---|---|
| ARTHUR ANDERSEN, LLP, et al., | } | |
| Defendants. | } | |
| MARY BAIN PEARSON and JOHN MASON, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5332 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| FRED and MARIANNE ROSEN, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5333 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| HAROLD and FRANCIS AHLICH, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5334 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| RUBEN AND IRENE DELGADO, et al., | } | |
| Plaintiffs, | } | |
| vs | } | CIVIL ACTION NO. H-03-5335 |
| ANDREW S. FASTOW, ET AL., | } | |
| Defendants. | } | |
| DON L. GUY, TRUSTEE FOR THE GUY | } | |

| | |
|---|---|
| FAMILY LIVING TRUST, et al., } <br> } <br> Plaintiffs, } <br> vs. } <br> } <br> ARTHUR ANDERSEN, LLP, et al., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-04-3330 |
| CYNTHIA L. ADAMS, et al., } <br> } <br> Plaintiffs } <br> } <br> vs. } <br> } <br> ARTHUR ANDERSEN, LLP, et al., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-04-3331 |
| JANE BULLOCK, et al., } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br> ARTHUR ANDERSEN, LLP, et al., } <br> } <br> Defendants. } | CIVIL ACTION NO. H-04-4455 |
| UNICREDITO ITALIANO SPA and } <br> BANK POLSKA KASA OPIEKI SA, } <br> } <br> Plaintiffs, } <br> } <br> vs. } <br> } <br>  J. P. MORGAN CHASE BANK, J. P. } <br> MORGAN CHASE & CO., J. P. MORGAN } <br> SECURITIES INC., CITIBANK, N.A., } <br> CITIGROUP, INC. and SOLOMON SMITH } <br> BARNEY, INC. } <br> } <br> Defendants. } | CIVIL ACTION NO. H-04-0324 |
| DK ACQUISITION PARTNERS., L.P., } <br> KENSINGTON INTERNATIONAL } <br> LIMITED, RUSHMORE CAPITAL — I } | |

| | |
|---|---|
| L.L.C., RUSHMORE CAPITAL — II, L.L.C. and SPRINGFIELD ASSOCIATES, LLC, | }<br>}<br>} |
| Plaintiffs, | }<br>} |
| vs. | } CIVIL ACTION NO. H-03-3393 |
| | } |
| J. P. MORGAN CHASE & CO., JPMORGAN CHASE BANK, J.P. MORGAN SECURITIES INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS, INC., f/k/a Solomon Smith Barney, | }<br>}<br>}<br>}<br>}<br>} |
| Defendants. | } |
| BAYERISCHE LANDESBANK, STANDARD CHARTERED BANK, DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH, DRESDNER BANK AG, NEW YORK AND GRAND CAYMAN BRANCHES, ARAB BANKING CORPOIRATION (B.S.C.), NEW YORK BRANCH and WESTLB AG, | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |
| Plaintiffs, | }<br>} |
| vs. | } CIVIL ACTION NO. H-04-2154 |
| | } |
| JPMORGAN CHASE BANK, J. P. MORGAN SECURITIES, INC., CITIBANK, N.A. and SOLOMON SMITH BARNEY INC., | }<br>}<br>} |
| Defendants. | }<br>} |
| AVENUE CAPITAL MANAGEMENT II, L.P., GRACIE CAPITAL, L.P., HALCYON FUND, L.P., KING STREET CAPITAL, L.P., LONGACRE MASTER FUND, LTD., MAN MAC 3 LIMITED, MARATHON SPECIAL OPPORTUNITY MASTER FUND, LTD., REDWOOD MASTER FUND, LTD., SCOGGIN CAPITAL MANAGEMENT, L.P. II, SCOGGIN INTERNATIONAL FUND, LTD., SCOTTWOOD CAPITAL MANAGEMENT, LC, SPCP GROUP, LLC, STRATEGIC VALUE MASTER FUND, | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

| | |
|---|---|
| LTD., TRILOGY CAPITAL, LLC, | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. H-05-3031 |
| J. P. MORGAN-CHAISE & CO., JPMORGAN CHASE BANK, J.P. MORGAN SECURITIES INC., CITIGROUP INC., CITIBANK, N.A., and CITIGROUP GLOBAL MARKETS, INC. f/k/a Solomon Smith Barney, | |
| Defendants. | |
| YOSEMITE SECURITIES TRUST I et al., | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. H-05-1191 |
| CITIBANK N.A., et al., | |
| Defendants. | |
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, et al., | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. H-020-2680 (Coordinated) |
| CREDIT SUISSE FIRST BOSTON, INC., et al., | |
| Defendants. | |
| VANGUARD BALANCED INDEX FUND, et al., | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. H-03-5808 (Coordinated Case) |
| CITI BANK, N.A., et al., | |
| Defendants. | |

| | | |
|---|---|---|
| SAMUAL GIANCARLO, Individually and on behalf of all others similarly situated, | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACITON NO. H-03-4359 (Consolidated MDL) |
| UBS FINANCIAL SERVICES, INC., UBS SECURITIES, L.L.C., and UBS AG., | } } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. G-03-0967 |
| ANDERSEN, LLP, et al., | } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. G-02-0299 |
| J. P. MORGAN CHASE & COMPANY, | } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. G-02-0463 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | } } } | |
| Defendants. | } } | |
| AMERICAN NATIONAL INSURANCE | } | |

| | | |
|---|---|---|
| COMPANY, et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. G-02-0723 |
| | } | |
| CITIGROUP, INC., et al., | } | |
| | } | |
| Defendants. | } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. G-03-0481 |
| | } | |
| ROYAL BANK OF CANADA, | } | |
| | } | |
| Defendant. | } | |
| AMERICAN NATIONAL INSURANCE COMPANY, et al., | } } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. G-05-0221 |
| | } | |
| CANADIAN IMERIAL BANK OF COMMERCE, et al., | } } | |
| | } | |
| Defendants. | } | |
| WESTBORO PROPERTIES, L.L.C., and STONEHURTS CAPITAL, INC., | } } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| vs. | } | CIVIL ACTION NO. H-03-1276 |
| | } | |
| CREDIT SUISSE FIRST BOSTON, INC., et al., | } } | |
| | } | |
| Defendants. | } | |
| WESTBORO PROPERTIES, L.L.C., and STONEHURST CAPITAL, INC., | } } | |

|  |  |
|---|---|
| Plaintiffs, } | |
| vs. } | CIVIL ACTION NO. H-05-1165 |
| CANADIAN IMPERIAL BANK OF COMMERCE, et al., } | |
| Defendants. } | |
| RAVENSWOOD CAPITAL - I, L.L.C,, RAVENSWOOD CAPITAL - II, L.L.C. and WHITEWOOD HOLDINGS, L.L.C., } | |
| Plaintiffs, } | |
| vs. } | CIVIL ACTION NO. H-04-4520 |
| CITIGROUP, INC., et al., } | |
| Defendants. } | |
| RAVENSWOOD CAPITAL - I, L.L.C,, RAVENSWOOD CAPITAL - II, L.L.C. and WHITEWOOD HOLDINGS, L.L.C., } | |
| Plaintiffs, } | |
| vs. } | CIVIL ACTION NO. H-05-1164 |
| CANADIAN IMPERIAL BANK OF COMMERCE, et al., } | |
| Defendants. } | |
| CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM, } | |
| Plaintiffs, } | |
| vs. } | CIVIL ACTION NO. H-03-3481 |
| BANC OF AMERICAN SECURITIES LLC, et al., } | |
| Defendants. } | |

| | |
|---|---|
| SILVERCREEK MANAGEMENT INC.; SILVERCREEK LIMITED PARTNERSHIP; SILVERCREEK II LIMITED; OIP LIMITED and PEBBLE LIMITED PARTNERSHIP, | } } } } } |
| Plaintiffs, | } } |
| vs. | } } CIVIL ACTION NO. H-03-0815 } (Coordinated) |
| CITIGROUP, INC., | } } |
| Defendant. | } |
| KEVIN LAMPKIN, JANICE SCHUETTE, ROBERT FERRELL and STEPHEN MILLER, individually and on behalf of all others similarly situated | } } } } } |
| Plaintiffs, | } } |
| vs. | } } CIVIL ACTION NO. H-02-0851 |
| UBS PAINWEBBER, INC. and UBS WARBURG, LLC., | } } } |
| Defendants. | } |
| PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO, et al., | } } } |
| Plaintiffs, | } } |
| vs. | } } CIVIL ACTION NO. H-02-4788 |
| ANDREW S. FASTOW, et al., et al., | } } } |
| Defendants. | } |
| PAMELA M. TITTLE, et al., | } } |
| Plaintiffs, | } } |
| vs. | } } CIVIL ACTION NO. H-01-3913 |
| ENRON CORP., et al., | } } } |

|  |  |  |
|---|---|---|
| Defendants. | } | |
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, | } } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. H-01-3645 |
| KENNETH L. LAY, et al., | } } | |
| Defendants. | } } | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ENRON CORP., | } } } | |
| Plaintiffs, | } } | |
| vs. | } } | CIVIL ACTION NO. H-04-0091 |
| ANDREW S. FASTOW, MICHAEL J. COPPER, BEN GLISAN, JR., RICHARD B. BUY, RICHARD A. CAUSEY, JEFFREY K. SKILLING, KENNETH L. LAY, KEFFREY McMAHON, JAMES V. DERRICK, JR., KRISTINA M. MORDAUNT, KATHY LYNN, ANNE YEAGER-PATEL, ARTHUR ANDERSEN, LLP, and CARL FASTOW, AS ADMINISTRATOR OF THE FASTOW FAMILY FOUNDATION, | } } } } } } } } } } } | |
| Defendants. | } } | |
| ELAINE L. CHAO, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, | } } } } | |
| Plaintiff, | } } | |
| vs. | } } | CIVIL ACTION NO. H-03-2257 (Consolidated with H-0103913) |
| ENRON CORP., et al., | } } | |
| Defendants. | } } | |

**OPINION AND ORDER ON MOTIONS FOR CLARIFICATION OF SCHEDULING ORDER AND EXPERT DISCOVERY IN CONSOLIDATED AND COORDINATED CASES.**

Pending before the Court is the Fleming and Associates' [F&A] Motion for Clarification of the Court's Scheduling Order As It Pertains to Private Action Plaintiffs, whom they represent (Instrument No. 348 in MDL 1446 and Instrument No. 3888 in *Newby*) and the Response of the Bank Defendants to that Motion as well as the Bank Defendants' Motion with Respect to Expert Discovery in All Cases Consolidated or Coordinated with Newby or Tittle and for Expedited Consideration (Instrument Nos 349 and 350 in MDL 1446). Responses to these motions have been filed by Unicredito Italiano SPA and Bank Polska KASA Opieki SA (Instrument No 359 in MDL 1446); "Certain" Private Action Plaintiffs listed in Instrument No. 360 in MDL 1446; the Official Committee of Unsecured Creditors of Enron Corp. (Instrument No. 4039 in *Newby*); private action plaintiffs Bayerische Landesbank, et al., DK Acquisition, et al., and Avenue Capital, et al. (Instrument No. 4044 in *Newby*); and Yosemite plaintiffs (Instrument No. 4052 in *Newby*). The Bank Defendants filed a reply to these responses in Instrument No. 361 in MDL 1446 and No. 4060 in *Newby*. The Court has considered the motions, the responses, and the reply.

The consensus of the parties who have filed instruments concerning this matter appears to be that the Court's scheduling orders of July 14, 2003 (Instrument No. 1561 in *Newby*) and March 12, 2004 (Instrument No. 2019 in *Newby*) are unclear as to dates and details of expert discovery to be made in the so called Consolidated and Coordinated Cases. Whereas the scheduling orders are clear that expert discovery in the putative *Newby* and *Tittle* class actions are to begin on January 3, 2006, most of the parties in the Consolidated and Coordinated Cases agree that, for a variety of reasons, that date is too early in their cases. The only voices heard urging the Court to keep the January 3, 2006 date for expert discovery in their Consolidated and Coordinated Cases are those of The Bayerische Landesbank, et al., DK Acquisition Partners, et al., and Avenue

Capital Management, et al. plaintiffs. Although these plaintiffs make a credible argument, treating them differently from the other private action plaintiffs would cause complications, confusion and duplication of effort.

The other parties disagree as to the correct start date for expert discovery in the Consolidated and Coordinated Cases. There are two considerations here. First, most of the private action cases have been stayed. The July 11, 2003 order stayed pleadings in these cases, and the parties argue that it is not possible to know with sufficient certainty the claims, parties, or defenses at issue. Second, the classes have yet to be certified in *Newby* and *Tittle*. Until class certification the parties in the Consolidated and Coordinated Cases will not be able to determine if they will proceed under the class action umbrella or proceed to their own expert discovery. If they are forced to commence expert discovery before class certification, resources will be wasted. Moreover, without a single schedule to accommodate the parties in the Consolidated and Coordinated Cases, the experts may be subject to multiple depositions.

The Bank Defendants have proposed an order that would defer the start of expert discovery in all of the Consolidated and Coordinated Cases to the later of June 1, 2006 or six months after the issuance of the class certification decision in *Newby*. The "Certain Private Action Plaintiffs," a group of parties in almost thirty cases, represented by seven attorneys, agree with everything the Bank Defendants propose, except they believe an open ended date to be established by the Court's ruling on the class certification in *Newby*, is too uncertain and too far in the future. Instead they urge June 1, 2006 as the outside date for commencement of expert discovery. The *Unicredito* Plaintiffs suggest a start date of March 15, 2006, which the Bank Defendants argue compresses the expert discovery into too narrow a time period. The *Yosemite* Plaintiffs argue for an April 15, 2006 date, which the Bank Defendants feel is still too early.

The Court has on November 4 2005 signed an Order setting class certification hearings in *Tittle* and *Newby* for January 12 and 17, 2006, respectively. The Court has every intention of determining the class certification issues within six weeks of the last submission on the issue. This is an ambitious goal, but one that is not impossible. Once the determination has been made, there should be sufficient time to prepare for any expert discovery the parties in the Consolidated and Coordinated Cases wish to pursue. The Court will enter an Order, *inter alia*, setting the commencement of expert discovery in the Consolidated and Coordinated Cases for June 1, 2006. Accordingly,

It is hereby **ORDERED** that Fleming and Associate Plaintiffs' Motion for Clarification of the Court's Scheduling Order As It Pertains to Private Action Plaintiffs Instrument No. 348 in MDL 1446 and No. 3888 in *Newby*) is **GRANTED**; it is further

**ORDERED** that the Bank Defendants' Motion with Respect to Expert Discovery in All Cases Consolidated or Coordinated with *Newby* or *Tittle* (Instrument No. 350 in MDL 1446) is **GRANTED in PART**; it is further

**ORDERED** that all motions to expedite consideration of these motions are **MOOT**.

-14-

**SIGNED** at Houston, Texas, this 7th day of November, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE